<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>
File Name: 19a0393n.06

Case No. 18-5669

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jul 31, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| ANTON YARBROUGH, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | **OPINION** |

BEFORE: SILER, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge.  Anton Yarbrough appeals his 57-month sentence for unlawfully possessing a firearm, as well as possession of controlled substances. He argues that the district court improperly based his sentence on rehabilitative goals. We disagree and affirm.

When a Memphis police officer pulled Yarbrough over for driving without a seatbelt, he candidly admitted to carrying a bag of marijuana. But a couple of searches also revealed cocaine and a firearm—the latter of which Yarbrough, a convicted felon, could not lawfully possess. He eventually pleaded guilty to three charges arising from the stop: unlawful possession of a firearm as a felon, possession of cocaine, and possession of marijuana. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 844(a).

The Sentencing Guidelines recommended a prison term between 57 and 71 months, followed by three years of supervised release. Yarbrough did not object to that calculation. In fact, he did not object to anything—not in his written response to the Presentence Report nor during the

hearing. He asked for leniency as the district court weighed the statutory factors. But he raised no issue when the court explained why it ultimately selected a bottom-of-the-Guidelines sentence of 57 months imprisonment with three years of supervised release.

Yarbrough now argues that the district court improperly relied on rehabilitative goals in setting the length of his prison term. That's not allowed under *Tapia v. United States*, 564 U.S. 319, 327 (2011). But it's also not what happened in this case.[1]

*Tapia* prohibits district courts from imposing (or lengthening) a prison term to promote rehabilitation. *See Tapia*, 564 U.S. at 327. But that does not mean the sentencing judge cannot talk about rehabilitation during the hearing. In fact, the opposite is true. Under 18 U.S.C. § 3553, judges must consider whether to provide the defendant with "needed educational or vocational training, medical care, or other correctional treatment," 18 U.S.C. § 3553(a)(2)(D), which includes rehabilitative drug treatment. *See United States v. Krul*, 774 F.3d 371, 374–75 (6th Cir. 2014) (quoting *Tapia*, 564 U.S. at 334). Only when the judge relies on rehabilitative goals to set the length of a prison term, such as by extending the time in prison to complete a drug-treatment program, will the sentence violate *Tapia*. *See Krul*, 774 F.3d at 375 ("But the district court nowhere in that paragraph suggested that the imprisonment was lengthened to permit participation in a rehabilitative program."). The judge did no such thing here.

As Yarbrough points out, the judge below discussed Yarbrough's long criminal history involving drugs as part of his sentencing explanation. She considered Yarbrough's need for

---

[1] The parties disagree over the standard of review to apply here. The Government argues we are limited to plain error because Yarbrough did not object to the district court's explanation of the sentence. Yarbrough, for his part, admits he made no objection but argues that we should apply our typical abuse-of-discretion review because the district court never asked the *Bostic* question. We find it unnecessary to resolve this dispute because the district court did not err, plainly or otherwise.

educational training and medical care. And she explained that Yarbrough would have the opportunity to participate in drug-treatment programs while in prison if he chose to do so. But the judge never suggested that she would base Yarbrough's prison term on his need for rehabilitation. In fact, the judge made clear that the sentence was "all about deterrence," so that it would (hopefully) "convince [Yarbrough] not to make these decisions again." Sentencing Tr. at 170–71, R. 52, PageID 170–71. Drug treatment was available, but not part of the rationale for selecting the 57-month imprisonment. That's permissible under *Tapia* and *Krul*.

Yarbrough compares his case to *United States v. Adams*, 873 F.3d 512 (6th Cir. 2017). There, we reversed a sentence that the district court imposed in violation of *Tapia* after the judge suggested that the prison term was necessary for the defendant to reset from his drug addiction. *Id*. at 523. The Government had argued that drug-treatment programs lasting less than a year were ineffective because the brain needed at least 18 months of sobriety to properly "reset." *Id*. at 519. And when the defendant asked the judge about the length of his sentence, the judge invoked that exact language and informed him that the sentence would allow him to "reset and maybe get another . . . chance at remaining clean and sober." *Id*. at 523. We held that this was improper under *Tapia* because the sentencing judge plainly relied on rehabilitative goals to justify the prison term.

Unlike *Adams*, the judge here did no such thing. She explained the drug-treatment opportunities that Yarbrough might have during his sentence and encouraged him to participate. But the judge selected the sentence for deterrence purposes, not so that Yarbrough could participate in any rehabilitation efforts. Nothing in the record supports Yarbrough's claim otherwise.

We affirm.